FILED
FEB 0 1 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TYLER BROWN, | * | CIV 11-4151 |
| Petitioner, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER RE: MOTION TO DIRECT DEFENSE COUNSEL TO RESPOND AND FOR EXTENSION OF TIME |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Government has requested an Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance and further requests to be allowed fourteen (14) days after an affidavit is submitted to file its response to the Petitioner's Motion under 28 U.S.C. § 2255. Doc. 15. A Certificate of Service establishes that the Motion for Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance was served on defense counsel on January 3, 2012. Ordinarily, the attorney-client privilege belongs to and exists solely for the benefit of the client. *Henderson v. United States*, 815 F.2d 1189, 1192 (8th Cir.1987). However, the Eighth Circuit Court of Appeals has recognized that the privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). In addition, the ABA Model Rule of Professional Conduct 1.6 advises that a lawyer shall not reveal information relating to the representation of a client unless the client gives his informed consent, but further advises that the disclosure is impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of the client. After consideration of the motion and file in this matter,

IT IS ORDERED:

1. That if either Mr. Khoroosi or Petitioner resists an order directing Mr. Khoroosi to respond to the specific allegations concerning his representation of Petitioner by affidavit, either or both shall file a resistance within ten (10)

days of the date of this Order;

2. That if neither Mr. Khoroosi nor Petitioner resists an order directing Mr. Khoroosi to respond by affidavit to the specific allegations concerning his representation of Petitioner, Mr. Khoroosi shall provide the Government with such an affidavit within fifteen (15) days of the date of this Order; and

3. That the Government's Motion for a fourteen (14) day extension of time to respond is granted, and the Government shall have fourteen (14) days after Mr. Khoroosi provides his affidavit or this Court rules on any resistance within which to file a response to Petitioner's § 2255 Motion.

Dated this 1st day of February, 2012.

BY THE COURT:

_/s/ Lawrence L. Piersol_
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _/s/ Matthew_
DEPUTY