

```
                                                                        FILED
              UNITED STATES DISTRICT COURT                            FEB 16 2012
                 DISTRICT OF SOUTH DAKOTA
                                                                       [signature]
                     SOUTHERN DIVISION                                    CLERK
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TYLER BROWN, | * | CIV 11-4151 |
| | * | |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION AND |
| vs. | * | ORDER RE: ATTORNEY-CLIENT |
| | * | PRIVILEGE WAIVER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Government requested an Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance set forth in the Petitioner's Motion under 28 U.S.C. § 2255 (Doc. 15), this Court issued a Memorandum Opinion and Order allowing either Mr. Khoroosi or Petitioner to submit a resistance to an Order directing Mr. Khoroosi to respond to the specific allegations concerning his representation of Petitioner by affidavit. Doc. 17. Petitioner filed a resistance to his former counsel submitting an affidavit responding to the specific allegations of ineffective assistance of counsel set forth in Petitioner's Motion under 28 U.S.C. § 2255. Doc. 18.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456

(July 14, 2010).

In consideration of the allegations set forth in Petitioner's Motion under 28 U.S.C. § 2255. motion, this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without Mr. Khoroosi responding by affidavit to the specific allegations in the Motion concerning his representation of Petitioner. The Court has further determined that if Petitioner continues to oppose the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Petitioner's Motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Petitioner:

2. That if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Petitioner's Motion under 28 U.S.C. § 2255.

Dated this 16th day of February, 2012.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY