FILED

MAY 24 2012

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | |
| TYLER BROWN, | * | CIV 11-4151 |
| | * | |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION AND |
| vs. | * | ORDER RE: MOTION TO VACATE, |
| | * | SET ASIDE OR CORRECT |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Petitioner Tyler Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 1, 5. On May 28, 2009, a jury found Brown guilty of conspiracy to possess with intent to distribute or to distribute 50 grams or more of a mixture or substance containing cocaine base as he was charged in a Third Superseding Indictment. Brown was sentenced to 120 months of incarceration. The Eighth Circuit Court of Appeals affirmed the conviction on October 12, 2010, and the mandate issued on November 2, 2010. On February 29, 2012, Brown signed an authorization for his trial and appellate counsel to disclose confidential communications.[1] Brown's counsel has filed an affidavit responding to the allegations of ineffective assistance of counsel (Doc. 22) and the United States has filed its response to the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 26).

## DISCUSSION

Brown raises a number of claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, Brown must show that his counsel's representation was deficient and that the deficient performance p rejudiced his defense. *See Strickland v. Washington* , 466 U.S. 668, 687(1984); *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The first part of the test requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making that assessment this Court presumes that counsel's conduct

---

[1]This renders Brown's earlier filed Motion to Resist Counsel Affidavit (Doc. 18) moot.

falls within the wide range of reasonable professional assistance. *See id.* at 689. The second prong of the test requires a showing that, but for counsel's deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See id.* at 694.

Fair Sentencing Act claims

Brown first contends that his counsel was ineffective for failing to argue at his sentencing that Brown should benefit from the Fair Sentencing Act, which had not yet gone in to effect at the time of Brown's sentencing. In pro se supplemental filings to the Eighth Circuit in his appeal, Brown argued that his counsel rendered ineffective assistance at sentencing and that this Court should have sentenced him below the statutory minimum. In responding to Brown's pro se filings regarding the impact of the Fair Sentencing Act on Brown's case, the Eighth Circuit held as follows:

> Section 841 has been amended to raise the threshold for imposition of a 120–month minimum prison sentence, *see* Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2(a)(1), 124 Stat. 2372, 2372 (Aug. 3, 2010), but the amendment was not made retroactive, *see United States v. Carradine,* 621 F.3d 575, 579–81 (6th Cir.2010) (general savings statute, 1 U.S.C. § 109, requires application of penalties in place at time crime was committed unless new enactment expressly provides for its own retroactive application; Fair Sentencing Act of 2010 contains no express statement that it is retroactive and no such express intent can be inferred from its plain language). Thus the statutory minimum existing at the time the offense was committed governs.

*United States v. Brown,* 396 Fed.Appx. 328, 329 (8th Cir. 2010).

In Brown's criminal case, this Court denied Brown's motion for modification of sentence on November 30, 2010, based on the Eighth Circuit's reasoning in the above appellate opinion. In its responsive brief to Brown's § 2255 petition, the government notes that the Department of Justice has taken the position that the Fair Sentencing Act's revised penalties apply to sentences imposed on or after the date the Fair Sentencing Act went into effect regardless of whether the criminal conduct occurred before the enactment, and that the Eighth Circuit Court of Appeals disagrees with the Department's position. However, in Brown's case the Department of Justice reaches the same ultimate conclusion as the Eighth Circuit reached in Brown's case because Brown was sentenced prior to the enactment of the Fair Sentencing Act. Brown was not entitled to a sentence below the mandatory minimum sentence he received and he is not entitled to relief under § 2255 for ineffective

2

assistance of counsel based on his counsel's performance with regard to Brown's sentencing and the Fair Sentencing Act.[2]

Equal Protection claim

Brown contends that his sentence violated the equal protection clause in that the crack to powder cocaine ratio on which his sentence was based has disparately punished African Americans, and that counsel was ineffective for failing to ask for an alternative sentence to secure a 1 to 1 ratio between crack and powder cocaine. The Eighth Circuit has consistently rejected this equal protection argument. *See United States v. Sidney*, 648 F.3d 904, 909 (8th Cir. 2011) ("This [equal protection] claim, however, ignores well-settled precedent that the old crack-to-cocaine ratios are not equal protection violations in the first place."); *United States v. Clary*, 34 F.3d 709, 712 (8th Cir.1994) (Congress clearly had rational motives for creating the distinction between crack and powder cocaine). Counsel was not ineffective for failing to raise the equal protection claim at sentencing or on appeal.

Failure to call witnesses claim

Brown claims counsel was ineffective for failing to call witnesses at his trial. In counsel's affidavit (Doc. 22), counsel represents that he spoke with a number of potential witnesses, including the two referenced in Brown's § 2255 motions, but that none could provide exculpatory information, and in most cases would have provided information harmful to Brown's position. Brown is not entitled to relief under § 2255 for ineffective assistance of counsel based on his counsel's performance with regard to interviewing or calling witnesses.

*Brady* violation claim

Brown claims that his due process rights were violated by a *Brady* violation and that his counsel was ineffective in failing to provide a successful argument to the trial court as to why the alleged *Brady* violation required a mistrial. On direct appeal, however, the Eighth Circuit Court of

---

[2]In a motion under Fed. R. Civ. P. 59(E), Brown mischaracterizes the Court's order of October 25, 2011, as precluding his arguments under the Fair Sentencing Act. Doc. 8. In the October 25, 2011 order for a response to the Section 2255 motion, this Court concluded that Brown was not entitled to relief on the Fair Sentencing Act issue and that the government did not have to respond to these claims. Doc. 4. Brown was not prohibited from raising this claim, however, and has been allowed to make and have considered his arguments on these points.

Appeals held: "We also find no *Brady* violation, much less a reversible one, *see United States v. Greatwalker*, 356 F.3d 908, 911-12 (8th Cir. 2004) (per curiam)." *United States v. Brown,* 396 Fed.Appx. 328, 329 (8th Cir. 2010). Brown is not entitled to relief under § 2255 for ineffective assistance of counsel based on his counsel's performance with regard to the alleged *Brady* violation.

Evidentiary Hearing

The "motion and the files and the records of the case conclusively show that Brown is entitled to no relief." For this reason, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b).

Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, a petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Brown has not made a substantial showing of a denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That since a movant is not required to obtain leave to proceed in forma pauperis to file a motion under 28 U.S.C. § 2255, Brown's motion for leave to proceed in forma pauperis (Doc. 7) is denied;

2. That Brown's Motion under Fed. R. Civ. P. 59[E] (Doc. 8) is denied;

3. That Brown's Motion to Resist Counsel's affidavit (Doc. 18) is denied as moot;

4. That Brown's Motion under 28 U.S.C. § 2255 (Doc. 1, 5) is denied; and

4

5. That Brown is denied a certificate of appealability.

Dated this 24th day of May, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
        DEPUTY